[Civ. No. 11937. Second Appellate District, Division One.—June 22, 1940.]

BERNICE BROWN, Respondent, v. NATHAN NEWBY et al., Appellants.

Newby & Newby and Dee Holder for Appellants.

E. Walter Guthrie and Allan H. McCurdy for Respondent.

DORAN, J.—Defendants appeal from an order of the superior court made and entered on February 3, 1938, granting the motion of plaintiff, respondent herein, for the issuance of a writ of execution after a lapse of more than five years from the date of the entry of judgment, in an action upon a promissory note. Plaintiff, an employee of the real party in interest, was an assignee for the purpose of collection of the note.

The complaint which was filed on September 15, 1930, alleged in substance that the defendants made, executed and delivered their promissory note in the amount of $11,250 in favor of the Citizens National Trust and Savings Bank of Los Angeles, due sixty days from and after July 1, 1930. The complaint further alleged the assignment and transfer of said note without recourse by the bank to the plaintiff, and the demand and nonpayment of the amount allegedly due.

After a trial on the issues presented by the pleadings, judgment was entered on May 27, 1932, in favor of plaintiff and against the defendants, for $11,250 principal, together with interest, attorneys' fees and costs. Defendants appealed from the judgment, and on June 29, 1935, the judgment of the trial court was affirmed on condition that within twenty-five days after the filing of the decision plaintiff waive all of said judgment in excess of $5,000 against each defendant. This the plaintiff did, on July 17, 1935, and the judgment

was then affirmed. (See *Brown* v. *Newby,* 8 Cal. App. (2d) 203 [47 Pac. (2d) 1076].)

After the entry of the judgment of the trial court, to wit, on or about June 28, 1933, the judgment debtors were duly examined concerning their property, and were thereafter excused by the referee.

On November 9, 1937, the defendants again appeared before the referee for examination concerning their property, pursuant to an order of the court. When it appeared that counsel who had initiated the proceedings were not attorneys of record in the case, the matter was allowed to go off calendar.

On December 3, 1937, after plaintiff had obtained another order for the appearance of the judgment debtors, the defendants were excused by the referee upon the failure of plaintiff's counsel to appear. An affidavit subsequently filed by one of plaintiff's attorneys recites the fact that while the order read that the hearing was to be had before the referee at 9:00 o'clock A. M. on December 3, 1937, through inadvertence and a mistake which was made on his office calendar, he appeared before the referee at 9:20 A. M., and that the defendants were already excused.

Thereafter plaintiff gave notice of a motion for execution after five years, supported by an affidavit which recited the existence of the judgment and that it was unsatisfied; that plaintiff, through her attorneys, had made diligent search for property of the judgment debtors out of which the judgment could be satisfied, but had been unable to locate any such property; and that plaintiff is informed and believes that the defendants have property out of which the judgment could be satisfied. The motion was noticed for hearing on December 30, 1937. Plaintiff thereafter obtained an order shortening time for hearing, which order was made upon the affidavit of one of the attorneys, wherein it was alleged that defendants were attempting to collect certain moneys due from a third party which should be paid on said judgment. This allegation was denied by the counter-affidavit of one of the defendants, and in opposition to the motion it was alleged that plaintiff's attorneys were causing repeated and unjustified orders and notices of motions to be made, for the purpose of harassing and embarrassing said defendant. The hearing on plaintiff's motion was continued to December 30, 1937. Thereafter, on February 3, 1938, an order was entered grant-

ing plaintiff's motion for a writ of execution, from which order, as heretofore noted, this appeal is taken.

The sole question on appeal is whether the trial court abused its discretion in granting plaintiff's motion for the issuance of a writ of execution after five years from the date of the entry of the judgment.

The law with regard to the only issue involved is well settled; therefore, to cite from the many authorities on the subject would serve no purpose. Appellants concede that "a majority of the cases have resulted in granting the motion for the issuance of the writ" and that "Each case must be decided upon its own peculiar facts". It should be emphasized in that connection that the showing on appeal is wholly insufficient if it presents a state of facts, a consideration of which, for the purpose of judicial action, merely affords an opportunity for a difference of opinion. An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice; without indulging in further detail, the record reveals appellants' showing to be insufficient in this regard. (See 2 Cal. Jur., p. 896, et seq.)

For the foregoing reasons the order granting plaintiff's motion for the issuance of a writ of execution, is affirmed.

York, P. J., and White, J., concurred.