[No. B062235. Second Dist., Div. Four. Jan. 21, 1992.]

EDDIE JAVOR, Plaintiff and Respondent, v.
ERNEST DELLINGER, Defendant and Appellant;
KENNETH H. CARLSON, Objector and Appellant.

COUNSEL

Kenneth H. Carlson, in pro. per., for Defendant and Appellant and for Objector and Appellant.

Timothy S. Harris for Plaintiff and Respondent.

OPINION

EPSTEIN, J.—We granted a petition transfering this case, pursuant to California Rules of Court, rule 2(a), to resolve a significant issue of law about which there seemed to be a dispute among the appellate authorities: whether the imposition of sanctions under Code of Civil Procedure section 128.5 (hereafter section 128.5) requires a finding that the sanctioned party was guilty of bad faith. We are satisfied that it does. That was the determination of the Appellate Department of the Los Angeles Superior Court, which correctly resolved the issue before it.

Insofar as it bears on the issue before us, the factual background of the underlying lawsuit may be briefly stated. It arose out of a landlord-tenant dispute in which each side sought affirmative relief from the other. The trial court originally indicated that it would award a small sum to the plaintiff, and that defendant should take nothing. It later modified the award to zero.

Plaintiff's counsel was directed to prepare a statement of decision, which he did. Defendant's counsel (Carlson, the appellant here) then moved to strike the proposed statement of decision. The trial court denied that motion to strike and imposed $500 sanctions against defendant's counsel. It gave no explanation for its order, other than to say that the motion was "frivolous."

■ The sole issue before us concerns the validity of that order under section 128.5.[1] The appellate department surveyed most of the reported cases, observed they are conflicting, and concluded that the better reasoned decisions and the plain language of the statute point to a conclusion that bad faith is required for sanctions. Since the basis of the trial court's decision was not clear (because an action may be frivolous yet not in bad faith), and because the trial court failed to specify how the actions or tactics of defense counsel were frivolous, the appellate department remanded the case to the trial court for further proceedings.

We agree with all of this, except that we find little real division among the decided cases. To be sure, some decisions employ broad language, and some are based on an earlier version of the statute. There is little authority under the present statute discussing the question of whether bad faith is required and which concludes that it is not. (See *On* v. *Cow Hollow Properties* (1990) 222 Cal.App.3d 1568 [272 Cal.Rptr. 535].)

It is noteworthy that the statutory standard was changed to its present form by a 1985 amendment. Before that, section 128.5 authorized sanctions for

---

[1]Section 128.5 states: "(a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. This section also applies to judicial arbitration proceedings under Chapter 2.5 (commencing with Section 1141.10) of Title 3 of Part 3. [¶] (b) For purposes of this section: [¶] (1) 'Actions or tactics' include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint. The mere filing of a complaint without service thereof on an opposing party does not constitute 'actions or tactics' for purposes of this section. [¶] (2) 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party. [¶] (c) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order. [¶] (d) In addition to any award pursuant to this section for conduct described in subdivision (a), the court may assess punitive damages against the plaintiff upon a determination by the court that the plaintiff's action was an action maintained by a person convicted of a felony against the person's victim, or the victim's heirs, relatives, estate, or personal representative, for injuries arising from the acts for which the person was convicted of a felony, and that the plaintiff is guilty of fraud, oppression, or malice in maintaining the action. [¶] (e) The liability imposed by this section is in addition to any other liability imposed by law for acts or omissions within the purview of this section."

"tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." It is likely that even this imprecise phrasing required a finding of bad faith. (*Abbett Electric Corp.* v. *Sullwold* (1987) 193 Cal.App.3d 708, 712 [238 Cal.Rptr. 496].) However that may be, there is no room to doubt that bad faith is required under the present formula. The first clause of the charging language refers to "bad faith actions or tactics," a phrase to which everything that follows is grammatically subject. Thus, an action or tactic may be subject to sanctions if it is in bad faith *and* is either frivolous or solely intended to cause unnecessary delay. (§ 128.5, subd. (a).) "Frivolous" is defined as something that is totally devoid of merit, or which is done solely to harass an opponent. (§ 128.5, subd. (b)(2).) As the appellate department pointed out, tactics or actions which satisfy the second clause of this definition amount to bad faith as a matter of law. But tactics or actions that merely lack merit may still be on the benign side of the equation. (See *Llamas* v. *Diaz* (1990) 218 Cal.App.3d 1043, 1048 [267 Cal.Rptr. 427].)

A review of the reported decisions yields nothing in real conflict with this conclusion. *Winick Corp.* v. *County Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170 [230 Cal.Rptr. 289], arose out of the pre-1985 version of the statute. While the court used broad language to describe the authority of trial courts to root out "inept or unnecessary procedures which tend to delay or hinder," it made clear that lack of merit alone is not enough for sanctions. (185 Cal.App.3d at p. 1176.) More significantly, the *holding* of the case was to affirm a trial court finding that the tactics and actions of the sanctioned party were "not based on good faith" and were frivolous and caused delay.

Later cases arose under the amended statute.

*Weisman* v. *Bower* (1987) 193 Cal.App.3d 1231, 1238 [238 Cal.Rptr. 756], discusses whether an action was "frivolous," and concludes that it was not because it was arguably meritorious and not done for harassment or delay. The decision does not focus on the bad faith issue. (See also *Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1, 12 [244 Cal.Rptr. 581][similar]; *Bach* v. *McNelis* (1989) 207 Cal.App.3d 852, 877 [255 Cal.Rptr. 232][similar; action found "frivolous" in one aspect, but bad faith issue not discussed]; *Frank Annino & Sons Construction, Inc.* v. *McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353 [263 Cal.Rptr. 592][similar].)

In *On* v. *Cow Hollow Properties, supra,* 222 Cal.App.3d 1568, 1575, the court focused on the disjunctive term "or" in the statute, to conclude that either bad faith or frivolous tactics is required. The problem with this is that

the disjunctive term does not separate "bad faith" from the rest of the sentence in which it appears, but separates "actions" from "tactics." The *On* case apparently would differentiate "bad faith actions" from "tactics" that are frivolous or solely intended to cause delay. We find this to be a strained reading of the language—especially since no comma appears after "actions" to set off the next phrase as a dependent clause. The court holds that a causal relationship between an offending legal action and expenses incurred is enough to justify sanctions if the action was in bad faith. (222 Cal.App.3d 1577.) With that we agree.[2]

Finally, *Llamas v. Diaz, supra*, 218 Cal.App.3d 1043, and *Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047 [275 Cal.Rptr. 594] are square holdings that bad faith always is required. *Llamas* is a litmus case, for the trial court refused to impose sanctions after finding that the challenged action was completely without merit but that the attorney who took the action was unaware of that fact. Finding that the statute requires scienter, the appellate court affirmed the denial of sanctions. The *Summers* court arrived at the same result based on the clear statutory language, and the fact that anything else would render the "bad faith" provision nothing but surplusage.

In summary, we agree with *Llamas, Summers* and other decisions that reached the same conclusion as the appellate department in this case.

The record before us indicates that the trial court found the attorney's actions to be frivolous, but did not specify what made them so. As we have pointed out, if the action was taken solely to harass or delay, it would support a finding of bad faith. If its only vice is lack of merit, it would not.

The trial court also failed to detail the conduct upon which its sanctions order is based, as required by section 128.5, subdivision (c). (See *Jansen Associates Inc. v. Codercard, Inc.* (1990) 218 Cal.App.3d 1166, 1171 [267 Cal.Rptr. 516].) Had it done so, we might have been able to dispose of this case without remand. As it is, however, we must remand for a determination of whether the action sanctioned was in bad faith and, if so, for a specification in detail of the conduct or circumstances constituting bad faith.

---

[2]*Bily v. Arthur Young & Co.* (1990) 1 Cal.App.4th 1263 [271 Cal.Rptr. 470] holds that bad faith is not required to support section 128.5 sanctions under the present statute. The Supreme Court has granted review in this case, on another issue. (Review granted Oct. 18, 1990 (S017199).)

## DISPOSITION

The order imposing sanctions is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. Appellant (Carlson) is to have costs on appeal.

Woods (A. M.), P. J., and Cooper, J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.