[No. B073328. Second Dist., Div. Seven. May 11, 1994.]

PAUL DOLAN et al., Plaintiffs and Respondents, v.
BUENA ENGINEERS, INC., Defendant and Appellant.

## COUNSEL

Blase, Valentine & Klein and John G. Hursh for Defendant and Appellant.

Conrad G. Tuohey, Ferdinand V. Gonzales and Christine C. Weiner for Plaintiffs and Respondents.

## OPINION

**JOHNSON, J.**—Appellant, Buena Engineers, Inc., was one of over 100 defendants involved in complex litigation regarding liability for a toxic disposal site in Ventura County. After three years of discovery and pretrial

motions, appellant was involuntarily dismissed from the action. Appellant requested an award of costs and attorney fees under Code of Civil Procedure section 128.5 as a sanction against respondents for prosecuting a frivolous action.[1] The trial court denied the request for sanctions. We affirm.

## FACTS AND PROCEEDINGS BELOW

The underlying toxic tort action stems from the development of a residential subdivision known as "Oxnard Dunes" on a toxic disposal site in Oxnard, California. This area was used by the oil and gas industry in the 1940's through 1960's to dump oil field drilling wastes.

In 1987 approximately 175 plaintiffs who lived or owned property in the area filed suit for personal injury and property damage. The "Dolan" action was filed on January 27, 1987. The "Cottle" action (Cottle v. Humacid-MacLeod (Super. Ct. Ventura County, No. 99933)) was filed on December 31, 1987. The consolidated actions named over 100 defendants.

The "Dolan" action was designated complex litigation under section 19 of the Standards of Judicial Administration. Initially Judge (now Justice) Kenneth Yegan, and then Judge Melinda A. Johnson, were assigned to this litigation as the judge for all purposes. To facilitate discovery and coordinate pretrial motions, the court ordered defendants be categorized into six groups: (1) original landowners; (2) generators, transporters and dump operators; (3) government entities; (4) developers and builders; (5) resellers and real estate brokers/agents; and (6) landlords. Appellant, who performed soil stability tests for the development in the 1970's, was a defendant in subgroup (4). It was the responsibility of lead counsel for each group to coordinate all pretrial motions and discovery.

In April 1988, the "Dolan" plaintiffs (respondents) served appellant with the third amended complaint/subcomplaint (4). Appellant filed a special demurrer to the complaint. Five of the causes of action in the complaint alleged professional negligence. However, respondents failed to file a certificate of merit as required by section 411.35 for suits alleging professional negligence against engineers. The court ordered the motion off calendar when respondents agreed to amend the complaint.

In May 1988, respondents filed a fourth amended complaint/subcomplaint (4) without securing the required certificate of merit. Consequently, in August 1988, the court sustained without leave to amend the five causes of action which alleged professional negligence. (§ 411.35.) However, the court

---

[1] All further statutory references are to the Code of Civil Procedure.

overruled appellant's demurrer to five causes of action which alleged intentional torts: private and public nuisance, fraud, concealment and conspiracy.

Thereafter respondents filed a fifth amended complaint/subcomplaint (4). The remaining causes of action alleged against appellant in that complaint were public and private nuisance and concealment. The court overruled appellant's demurrer to these causes of action and appellant answered the complaint.

On March 5, 1991, appellant moved for summary judgment. Appellant contended it was a geotechnical engineering firm which was hired to perform soil compaction and stability tests at the site. It claimed it had no expertise in, was not hired for, and performed no tests to detect the soil's chemical content or toxicity. It argued the extent of its involvement in the development was to determine whether the soil was sufficiently stable to support the proposed construction. In opposition, respondents argued appellant's earlier work at the project and work performed in areas immediately adjacent to the project indicated appellant may in fact have known of the soil's toxicity. The court found triable issues of fact remained and denied the motion. Thereafter, respondents attempted to negotiate a settlement but appellant refused.

In May 1991, this court issued a peremptory writ of mandate to compel the court to vacate its order and enter summary judgment in favor of appellant.

Upon entry of the judgment in June 1992, appellant moved for an award of costs and attorney fees under section 128.5. Appellant argued respondents' action lacked any factual basis, and this court's order, compelling summary judgment be entered in its favor, demonstrated the suit against it was totally and completely without merit. On this basis appellant requested respondents and their counsel be ordered to pay its costs and fees as sanctions under section 128.5 for prosecuting a frivolous action. Respondents, in turn, requested sanctions be imposed against appellant for bringing the motion for sanctions.

The trial court took the matter under submission to review the record and documentary evidence offered in support of the motions. It summarily denied all requests for fees and sanctions. Appellant appeals from the court's denial of its request for sanctions.

## DISCUSSION

*It Was Not an Abuse of Discretion to Deny an Award of Sanctions Under Section 128.5.*

"On appeal, a judgment or order of the trial court is presumed correct, and all presumptions are indulged in to support it. (*Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, pp. 276-277.) Where the trial court is vested with discretionary powers, the test is abuse of discretion. (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].) The test on appeal is whether the trial court has abused the broad discretion to justify our interference with (denial of) a sanction award. (*Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist.* (1983) 140 Cal.App.3d 111, 117 [189 Cal.Rptr. 208]; *Luke* v. *Baldwin-United Corp.* (1985) 167 Cal.App.3d 664, 668 [213 Cal.Rptr. 654].)

"Where the issue on appeal is whether the trial court has abused its discretion, the showing necessary to reverse the trial court is insufficient if it presents facts which merely afford an opportunity for a different opinion: '*An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.* To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice; . . .' (*Brown* v. *Newby, supra,* 39 Cal.App.2d at p. 618; italics added.)" (*Winick Corp.* v. *County Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170, 1176 [230 Cal.Rptr. 289].)

Under section 128.5 a trial court is authorized to order a party, the party's attorney, or both to pay any reasonable expenses, including attorney fees, incurred by another party as a result of "bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (§ 128.5, subd. (a).) A bad faith action or tactic is considered "frivolous" if it is "totally and completely without merit" or instituted "for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2).)

In this case the trial court summarily denied the request for sanctions without comment. Consequently, we must presume the court either found the suit was not totally without merit or was not prosecuted in bad faith or for an improper motive, or any combination of these factors. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193] ["All intendments and presumptions are indulged to support [the order] on matters as to which the record is silent, and error must be affirmatively shown."];

*Summers* v. *City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1070-1071, fn. 19 [275 Cal.Rptr. 594] [presumption of bad faith not warranted where court denies sanctions].)

■ A review of the entire record persuades us it was not a manifest miscarriage of justice to deny sanctions in this case. Nothing in the record indicates respondents prosecuted their action against appellant for an improper motive. There is no evidence respondents brought the action to harass appellant or because of any personal animus against it. (Cf. *Bach* v. *McNelis* (1989) 207 Cal.App.3d 852 [255 Cal.Rptr. 232] [plaintiff had subjective malicious intent to injure and harass defendant out of spite].) Nor is there any evidence respondents intentionally pursued dilatory tactics for purposes of delay. (Cf. *580 Folsom Associates* v. *Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 26 [272 Cal.Rptr. 227] [defendants had no defense to action yet delayed adverse judgment by filing volumes of documentary evidence in an attempt to obfuscate issues and confuse trial court].)

Finally, appellant points to no evidence which conclusively demonstrates respondents pursued their action against it in bad faith. ■ When a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued the action for some ulterior motive. (*Summers* v. *City of Cathedral City, supra,* 225 Cal.App.3d 1047, 1073.) However, it is within a court's discretion not to draw that inference if convinced the party was acting in the good faith belief the action was meritorious. (*Ibid.*) ■ Thus, even assuming respondents' action had no merit, we must presume from the trial court's silence it found respondents acted in good faith.

Appellant argues section 128.5 does not require subjective bad faith before sanctions may be imposed. It contends sanctions are appropriate whenever an action is totally and completely without merit as determined by an objective standard.

In support of its argument appellant relies on various decisions which appear to articulate an objective standard for determining frivolousness. A review of these decisions, however, indicates the appellate courts nevertheless expressly or impliedly found subjective bad faith in each case before affirming sanction awards under section 128.5. (See *Winick Corp.* v. *County Sanitation Dist. No. 2, supra,* 185 Cal.App.3d 1170; *Frank Annino & Sons Construction, Inc.* v. *McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353 [263 Cal.Rptr. 592]; *Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1 [244 Cal.Rptr. 581]; *580 Folsom Associates* v. *Prometheus Development Co., supra,* 223 Cal.App.3d 1.) Consequently, these decisions do not support the

proposition a mere objective finding of frivolousness is sufficient by itself to warrant an award of sanctions under section 128.5.

█ On the other hand, in those cases which have directly addressed the issue, the weight of authority holds the language of the statute itself compels the conclusion subjective bad faith is a prerequisite to an award of sanctions under section 128.5. (See, e.g., *Llamas* v. *Diaz* (1990) 218 Cal.App.3d 1043, 1047-1049 [267 Cal.Rptr. 427]; *Summers* v. *City of Cathedral City, supra,* 225 Cal.App.3d 1047, 1071-1073; *Javor* v. *Dellinger* (1992) 2 Cal.App.4th 1258 [3 Cal.Rptr.2d 662]; see also *West Coast Development* v. *Reed* (1992) 2 Cal.App.4th 693, 702-703 [3 Cal.Rptr.2d 790].) While there are some decisions suggesting the contrary (see, e.g., *On* v. *Cow Hollow Properties* (1990) 222 Cal.App.3d 1568, 1575 [272 Cal.Rptr. 535]), the better reasoned decisions decided under the current statute require a showing not only of a meritless or frivolous action or tactic, but also of bad faith in taking the action or tactic.

For example, in *Llamas* the court analyzed the legislative history of section 128.5 and its subsequent amendments. The court noted with each amendment the Legislature placed more emphasis on the subjective elements required for imposition of sanctions. Initially the statute allowed sanctions for "tactics or actions not based on good faith which are frivolous or cause unnecessary delay." The 1984 amendment added the requirement of intent by providing the act which causes the unnecessary delay must be intentional. An analysis of the proposed 1984 amendment prepared for the Assembly Committee on the Judiciary noted the bill specified "such tactics or actions must be found to be done in bad faith prior to the imposition of sanctions." (218 Cal.App.3d at p. 1048.) Based on the legislative history the *Llamas* court concluded before sanctions may be imposed under section 128.5 "there must an assessment of *subjective* bad faith in addition to finding a particular action or tactic was frivolous." (218 Cal.App.3d at p. 1047, italics in original.)

The *Summers* court arrived at the same conclusion by analyzing the plain language of section 128.5. The court held "by the very language of the statute, it applies, not to all actions or tactics that are frivolous, but only to bad faith actions or tactics that are frivolous." (225 Cal.App.3d at p. 1071.)

Similarly in *Javor*, the court agreed the language of the statute before the 1984 amendment may have been somewhat ambiguous. However, the court found the statute as it now reads leaves "no room to doubt that bad faith is required under the present formula. The first clause of the charging language refers to 'bad faith actions or tactics,' a phrase to which everything that

follows is grammatically subject." (2 Cal.App.4th at p. 1261.) Accordingly, the court held under section 128.5 a tactic or action may be subject to sanctions only if it is in bad faith *and* is frivolous or solely intended to cause unnecessary delay. (2 Cal.App.4th at p. 1261.)

Appellant has failed to affirmatively establish respondents acted in bad faith. Consequently, appellant has not made an adequate showing to overcome the court's implied finding respondents acted in good faith. In addition, it is not patently clear their action against appellant was so totally and completely without merit any rational trial court would have been compelled to find respondents acted for an ulterior motive, and sanctions were warranted sanctions on that basis. Accordingly, denial of an award of in this case did not amount to a manifest miscarriage of justice and the trial court's order need not be disturbed. (*Brown* v. *Newby*, *supra*, 39 Cal.App.2d at p. 618.)[2]

### DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

Lillie, P. J., concurred.

**WOODS (Fred), J.,** Concurring.—I concur in the judgment of the majority opinion but write separately to express dissatisfaction with the reasoning contained therein with respect to the construction of the language in Code of Civil Procedure section[1] 128.5. In patently frivolous actions, the majority interprets that section as requiring two findings before sanctions can properly be imposed by a trial court: (1) bad faith actions; and (2) tactics that are frivolous or solely intended to cause unnecessary delay.

If, the majority opines, the actions or tactics are objectively "frivolous" as that term is defined in the section 128.5, subdivision (b)(2), i.e., "totally and

---

[2]Respondents request sanctions be imposed against appellant for prosecuting a frivolous appeal. In the case of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] our Supreme Court interpreted the standards for an award of sanctions on appeal under section 907 and rule 26(a) of the California Rules of Court. This standard is distinct from the standard for awarding sanctions under section 128.5. (See e.g., *Summers* v. *City of Cathedral City*, *supra*, 225 Cal.App.3d at pp. 1072-1073.)

The *Flaherty* court instructed "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.) We find these elements absent in the case at bar and deny respondents' request.

[1]Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

completely without merit or . . . for the sole purpose of harassing an opposing party," the analysis is incomplete unless there is an additional finding of "bad faith." In other words, the majority requires a *subjective* standard of bad faith to be superimposed even though objectively the actions or tactics are utterly lacking in merit. I read the statute as permitting imposition of sanctions when *either* the subjective or the objective criteria are present. If the Legislature intended otherwise, it would have utilized the conjunctive word "and" in the statute and would not have seasoned the statute so many times with the disjunctive word "or."

In *On* v. *Cow Hollow Properties* (1990) 222 Cal.App.3d 1568, 1575 [272 Cal.Rptr. 535], the Court of Appeal reviewed a finding of the trial court which found the statute to be in the *disjunctive*. In *On*, the issue on appeal was the reverse of the issue presented in this case. The Court of Appeal considered and permitted sanctions under section 128.5 for subjective "bad faith" actions without requiring an additional finding of objective frivolity since the statute was in the *disjunctive*. The *On* court stated:

"In a further assignment of error, appellant argues that the trial court erred in basing the award of attorneys' fees alternatively on section 128.5. The question has some practical importance because the court relied on section 128.5 to include in the award certain costs lying outside the scope of Civil Code section 1717.

"As amended in 1985, section 128.5, subdivision (a) provides: 'Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.' The trial court found: 'Clearly, defendants attorneys' fees are awardable as reasonable expenses which were included as a result of plaintiff On's filing of the complaint in bad faith. Grounds for such bad faith are detailed in this court's Statement of Intended Decision.' Pointing out that the statute applied *disjunctively to either bad faith actions or frivolous tactics*, the court concluded that it need not consider the further question whether appellant engaged in such frivolous tactics.

". . . . . . . . . . . . . . . . . . . . . . .

"Secondly, he complains that the court erred in basing sanctions solely on a finding that the action was in bad faith. But the *use of the disjunctive* in section 128.5, we think, clearly indicates that sanctions can be based either on a finding of a bad faith action or 'tactics that are frivolous or solely intended to cause unnecessary delay.' In any event, the facts of the case as

described in the statement of decision bring it within the category of a 'frivolous action' as defined in such decisions as . . . ." (222 Cal.App.3d at p. 1575, italics added.)

Neither *On* nor the other cases relied on by the majority to advance the theory that frivolous actions or tactics, although objectively extant, are protected by the additional safety net requirement of the presence of subjective bad faith before sanctions can be imposed, discuss policy. Nor does the majority opinion undertake a discussion of policy but is satisfied to ground the opinion on a superficial discussion of legislative intent.

In my view, to impose such a double requirement is to make more difficult the imposition of sanctions. Such detractions are counterproductive to the expressed policy of the Legislature as pronounced in Government Code section 68608, subdivision (b),[2] obviously favoring the imposition of sanctions. The section states: "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case. Judges are encouraged to impose sanctions to achieve the purpose of this article."

I view the policy behind Government Code section 68608, subdivision (b) and section 128.5 to be to encourage the purging of nonmeritorious cases from our court system so that cases having merit can be brought speedily to trial. The majority's interpretation of section 128.5, in my view, is in derogation of this perceived policy.

However, under either the objective or subjective standard, or both, I find no abuse of discretion by the trial court in denying sanctions in this case, and I therefore concur in the judgment. I would respectfully encourage the Supreme Court to review and declare the proper interpretation of this very important provision in the Code of Civil Procedure.

---

[2] This section became effective July 1, 1992. Government Code former section 68609, subdivision (d), which was repealed effective July 1, 1992, contained a similar provision. (See Historical Notes, Deering's Ann. Gov. Code, §§ 68608 and 68609 (1994 pocket supp.) p. 90.)