Filed 1/22/26  Marriage of Pylypchenko CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of ANDRIY and LINDA PYLYPCHENKO. | 2d Civ. No. B342482 (Super. Ct. No. D408447) (Ventura County) |
| ANDRIY PYLYPCHENKO, Respondent, v. LINDA PYLYPCHENKO, Appellant. | |

Linda Pylypchenko (wife) appeals orders of the trial court involving her discovery violations in the marital dissolution action filed by Andriy Pylypchenko (husband).  We conclude, among other things, the trial court did not abuse its discretion by imposing sanctions of $6,000 to be paid jointly by wife and her attorney for discovery violations involving depositions.  We will affirm.

FACTS

Husband and wife were married in 2022 and have one child. On December 30, 2022, husband petitioned for dissolution of marriage. On January 10, 2023, wife sought and obtained a domestic violence restraining order (DVRO) against husband.

The parties began discovery in the dissolution action. In 2023, husband began to take wife's deposition. It was not completed. The parties agreed this deposition would be completed at a later date.

On April 30, 2024, husband served wife with a notice to take her deposition. Wife's attorney filed an objection to the deposition and wife did not appear for the deposition.

On May 22, 2024, husband filed a motion to compel wife to attend a deposition. The trial court granted that motion. It found wife's objections to the deposition were untimely and without merit. The court ordered wife to appear for the next scheduled deposition.

Husband served wife with a notice to take her deposition and produce documents.

On the deposition date, wife appeared. She did not bring any documents with her to the deposition. Husband's attorney declared that throughout the deposition wife refused to answer questions. Instead, she responded to each question with the phrase "I don't recall." Husband's attorney declared that wife "and her counsel were rude, disrespectful, and unnecessarily combative." Because wife refused "to provide testimony," husband's counsel stopped the deposition and informed wife and her counsel that she would file a motion: 1) to compel wife to attend another deposition; 2) for an order requiring the production of documents; and 3) for sanctions.

After conducting a hearing, the trial court found wife's and her counsel's "conduct during" the deposition "was argumentative and obstreperous," her counsel made "inappropriate objections," and wife failed to "produce the documents at the time of the deposition." The court granted husband's motion. It ordered wife to attend the next deposition and appointed a discovery referee. It also ordered sanctions in the amount of $6,000 to be "issued against both" wife and her counsel.

## DISCUSSION

### *The Court's Authority to Impose Sanctions*

Code of Civil Procedure[1] section 2023.010, subdivision (d) provides the court with the authority to impose sanctions against a party who misuses the discovery process by "[f]ailing to respond or to submit to an authorized method of discovery."

"The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . If a monetary sanction is authorized . . . the court *shall impose that sanction* unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a), italics added.)

"'The court's discretion to impose discovery sanctions is broad, subject to reversal only for manifest abuse exceeding the bounds of reason.'" (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1293.) We must review the evidence by drawing all

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

reasonable inferences in support of the judgment.  We do not weigh the evidence, resolve evidentiary conflicts or decide the credibility of the parties, as that is exclusively decided by the trial court.  (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 156.)

*No Substantial Justification for Wife's Conduct*

Wife appears to claim the trial court erred by ruling she was required to attend additional depositions after her first deposition and that sanctions were not authorized.  We disagree.

Wife did not attend the second deposition because her counsel objected, claiming discovery had been completed.  But husband's counsel presented portions of the first deposition to show that it had not been completed and that *the parties had agreed* that wife's deposition was to be completed at a later date.

The trial court could reasonably find wife's counsel's objection was not meritorious and was a breach of the parties' previous agreement concerning the need to complete her deposition at a later date.  It could also find the objection was not timely because it was made only two days before the deposition date.  (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 295.)  The court ordered wife to attend another deposition.  But at that deposition she failed to bring the documents husband requested to be produced.

Husband presented evidence showing wife also did not answer questions and provided deliberately evasive responses.  The trial court found the conduct of wife and her counsel at the deposition was, "argumentative and obstreperous."  It ordered wife to appear at another deposition and could reasonably find there was no justification for the conduct of wife and her counsel. (*NewLife Sciences, LLC v. Weinstock* (2011) 197 Cal.App.4th 676,

4

687 [misuse of the discovery process includes not providing discovery and "'providing evasive discovery responses'"].) Sanctions may be awarded for not bringing requested documents to a deposition (*Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1398), and for making "'unmeritorious'" objections to discovery. (*Doppes v. Bentley Motors, Inc*. (2009) 174 Cal.App.4th 967, 991.) Wife has not cited to the record to support her claim of trial court error. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

*Unfairness of the Sanctions Award*

Wife contends she obtained a DVRO against husband and the trial court should have considered that fact and not required her to pay $6,000 in sanctions.

The DVRO is a separate proceeding. (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 335.) The DVRO's impact may be relevant in other stages of the dissolution action. But the current matter involves a discovery motion in a dissolution of marriage action where a trial court may impose monetary sanctions under sections 2023.010 and 2023.030 for discovery misconduct. (*City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 72-74; *Agnone v. Agnone* (2025) 111 Cal.App.5th 758, 764-765; *In re Marriage of Moore* (2024) 102 Cal.App.5th 1275, 1286-1287.) Wife mentions husband's harsh conduct directed against her. But the court reasonably found the relevant issue before it on *husband's motions* was the discovery conduct of wife and her counsel. The court complied with section 2023.030, subdivision (a), which requires it to consider whether imposing sanctions is "unjust." The court reasonably found sanctions were appropriate, and it would be unjust for husband to bear attorney fees for two

5

unsuccessful attempts to depose wife caused by her and her attorney's conduct.

*Ability to Pay*

The trial court imposed the $6,000 sanctions against wife and her attorney. Wife contends she did not have, and does not have, the ability to pay sanctions. (*In re Marriage of Norton* (1988) 206 Cal.App.3d 53, 59.) But she has not cited to the record to support her claim, and there is no showing that her counsel lacks the ability to pay the sanctions. Because of her failure to cite to the record, we must conclude that the trial court "necessarily determined that [they] had, or [were] reasonably likely to have, the ability to pay the sanctions award," based on the evidence in the record before it. (*In re Schleich* (2017) 8 Cal.App.5th 267, 292, fn. 9; see also *In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291-292.)

*Evidence of Wife's Current Financial Condition*

Wife notes that she has filed a successful motion to waive appellate fees in this court because of her current low income status. When ruling on a fee waiver in the court of appeal we do not have a complete record and we do not generally know the issues tendered on the appeal.

Because she did not cite to the record of any evidence of her inability to pay at the time of the trial court hearing, she may not rely on her current financial declaration on appeal to claim trial court error retroactively. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.) The trial court's decisions are judged based on the record before the court at the hearing, not on new matters that were not presented to it and are raised for the first time on appeal. (*Estate of Westerman* (1968) 68 Cal.2d 267, 278-279.)

Wife appears to claim husband owes her attorney fees and there should essentially be a setoff to subtract the fees she owes from the greater amount he owes her. But, again, she has not cited to the record to support this claim. She therefore has not shown entitlement to relief on appeal. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at p. 1246.) Moreover, any motion for a setoff should initially be filed in the trial court. (*Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 860-861; Fam. Code, § 2030.)

*Sanctions for Filing a Frivolous Appeal*

Husband moves for sanctions against wife for filing a frivolous appeal. He claims portions of wife's opening brief do not comply with the rules of court and she includes references to irrelevant matters.

But "sanctions should be imposed rarely . . . ." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654.) They are for misconduct, but not to stifle an attorney's "forceful" or creative advocacy, even if the court ultimately rejects counsel's theories. (*Id.*, at p. 653.) Sanctions "should not be awarded simply because an appeal is without merit." (*Malek Media Group LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834.) Wife's issues are not so lacking in merit that sanctions should be awarded and there is no showing that this appeal was filed for the purpose of delay. There is also no showing the appeal was prosecuted for an improper motive or in bad faith. (*Ibid*; *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1506.) Husband's motion for sanctions against wife for filing a frivolous appeal is denied. Husband's motion to augment the record is granted.

7

## DISPOSITION

The orders imposing sanctions are affirmed.  Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



YEGAN, Acting P. J.



BALTODANO, J.

Dana K. Caudill, Judge
Superior Court County of Ventura

_____

Law Offices of Sharif & Wilkerson and Roger L. Wilkerson for appellant.

Bergman Law Group and Daniel A. Bergman for respondent.