Filed 3/5/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN ANTHONY NELSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B342722<br>(Super. Ct. Nos. 23CR07410,<br>24CR03471)<br>(Santa Barbara County) |

The Court of Appeal does not sit as "trier of fact" when reviewing a trial court's ruling either granting or denying a motion for mental health diversion. It does not substitute its discretion for that of the trial court. The rules on appeal are well known and need not be repeated. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [presumption of correctness of a trial court order]; *People v. Westerfield* (2019) 6 Cal.5th 632, 713 [substantial evidence rule]; *People v. Pacheco* (2022) 75 Cal.App.5th 207, 213 (*Pacheco*) [abuse of discretion]; see also *In re J.S.* (2024) 105 Cal.App.5th 205, 208, 211; *Brown v. Newby* (1940) 39 Cal.App.2d 615, 618.)

Ryan Anthony Nelson appeals after he was sentenced to state prison for 12 years following a global disposition agreement

in which he pleaded guilty to three counts of commercial burglary (Pen. Code, § 459),[1] one count of taking an automobile (Veh. Code, § 10851, subd. (a)), and admitted two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and multiple circumstances in aggravation (Cal. Rules of Court, rule 4.421(a)(8)-(9), (b)(2)-(3), (5)).

Appellant contends as follows: "The court denied the defense request for [mental health] diversion based on its finding that the disorders were not significant factors in the commission of the crimes and thus, appellant was ineligible, and that appellant was unsuitable due to his not being treatable and being dangerous due to his criminal history . . . . This ruling constituted an abuse of the court's discretion and is not supported by the evidence." As we shall explain, these contentions are without merit.

*Factual and Procedural Background*

Appellant has an extensive criminal history. We know from the probation report that appellant has had seven separate and distinct prison sentences for theft and theft-related crimes.

Now, after spending most of his adult life in and out of prison, he contends, based upon a psychologist's evaluation, that he suffers from mental health disorders which compelled him to be a recidivist thief. The trial court acknowledged that appellant "has been diagnosed with major neurocognitive disorder due to traumatic brain injury, major depressive disorder, post-traumatic stress disorder, ADHD, [and] opioid-use disorder in early remission." But the trial court, sitting as trier of fact, did not credit the psychologist's opinion. As the trial court expressly

---

[1] All further undesignated statutory references are to the Penal Code.

2

found: "I find little to no evidence [appellant's] mental health diagnos[es] played any factor in the charged offenses." It also found appellant would pose an unreasonable danger to public safety, based in part on his two prior convictions for residential burglary, and his "ongoing criminality."

*Discussion*

Section 1001.36 broadly authorizes the trial court to grant mental health diversion where a defendant meets the statute's eligibility and suitability criteria. (*Sarmiento v. Superior* Court (2024) 98 Cal.App.5th 882, 890-891.) The defendant in a criminal case is eligible for diversion if he or she has been "diagnosed with a recognized mental disorder that was a significant factor in the commission of the criminal offense with which [the defendant is] charged. [Citation.]" (*Id.*, at p. 891; § 1001.36, subd. (b)(2).) If eligibility is established, "the court must consider whether the defendant is suitable for pretrial diversion." (§ 1001.36, subd. (c).)

"A defendant is suitable if: (1) in the opinion of a qualified mental health expert, the defendant's mental health disorder would respond to treatment; (2) the defendant consents to diversion and agrees to waive their speedy trial rights; (3) the defendant agrees to comply with treatment requirements; and (4) the defendant will not pose an 'unreasonable risk of danger to public safety' as defined in section 1170.18 if treated in the community." (*Vaughn v. Superior Court* (2024) 105 Cal.App.5th 124, 134 (*Vaughn*); § 1001.36, subd. (c)(1)-(4).)

The statute narrowly defines an "unreasonable risk of danger to public safety," by reference to the definition found in section 1170.18. (§ 1001.36, subd. (c)(4).) Section 1170.18, in turn, defines the concept as "an unreasonable risk that the

3

petitioner will commit a new violent felony within the meaning of" section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c); see *People v. Williams* (2021) 63 Cal.App.5th 990, 1001.)

Even where the defendant meets the statute's eligibility and suitability criteria, the trial court retains "residual discretion" to deny diversion. (§ 1001.36, subd. (a); *Vaughn, supra*, 105 Cal.App.5th at p. 134.) This discretion is not, however, "unfettered and must be exercised "'consistent with the principles and purpose of the governing law.""" (*Id.* at p. 135.)

We review a trial court's ruling on a motion for mental health diversion for abuse of discretion. (*Pacheco, supra,* 75 Cal.App.5th at p. 213.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence [citation]." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.) It is appellant's burden on appeal to establish an abuse of discretion occurred. (*Pacheco*, at p. 213.) The trial court sitting as "trier of fact," may reject an expert's testimony. (*In re J.S., supra,* 105 Cal.App.5th at p. 212; *People v. McCoy* (1995) 40 Cal.App.4th 778, 785 [trial court not obligated to accept even unanimous or uncontradicted expert opinion]; accord, *In re Scott* (2003) 29 Cal.4th 783, 823 ["The *fact finder* determines the facts, not the experts"]; *People v. Samuel* (1981) 29 Cal.3d 489, 498 [chief value of expert's testimony rests upon the material from which it is fashioned and the reasoning by which it progresses from material to conclusion].)

Here, after considering the evidence, including the psychologist/neuropsychologist's report, the trial court factually found that appellant's mental health was not a significant factor

4

in the charged offenses.  Indeed, the trial court said it found "little to no evidence" that appellant's mental health diagnoses played "any factor" in the charged offenses, much less a "significant factor."  The trial court's comments amount to an "adverse factual finding."

"Where, as here, an appeal is premised upon facts expressly not credited by the trial court, i.e., an adverse factual finding, the appeal is frivolous . . . ."  (*In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1097).  We need not decide if the appeal is "frivolous."  But we do decide that appellant's contentions are without merit.

Finally, appellant contends he is not a danger to the community because he has no convictions involving "violence."  This may be true, but two of his prior theft-related offenses were for first degree residential burglary.  This crime may easily lead to violence.

On this record, the trial court properly denied appellant's request for mental health diversion.

*Disposition*

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

YEGAN, A.P.J., Concurring:

I write a separately concurring opinion to comment upon the recent Fourth District opinion in *People v. Cabalar* (2025) 117 Cal.App.5th 41 (*Cabalar*). If it is correct, appellant herein would have a much stronger argument for diversion from criminal proceedings. Both Cabalar and Nelson suffer from mental illness. So do a vast majority of people in state prison and county jail. But mental illness, standing alone, does not inexorably lead to mental health treatment in lieu of the burdens of the criminal adjudication process. The Penal Code has not been superseded by the mental health diversion statute.

*Cabalar, supra,* 117 Cal.App.5th 41 is wrong. I disagree with its result and rationale. It does not seem to follow traditional and time-honored rules on appeal. In fact, it seems to retry the facts, and seems to ignore the doctrine of implied findings. (*People v. Francis* (2002) 98 Cal.App.4th 873, 878.) It also seems to draw inferences away from the order under review. It then substitutes its discretion for that of the trial court and eviscerates the concept of "residual discretion."

In addition, there is a pragmatic factual flaw in the overall scheme of Cabalar's "treatment" or punishment. No matter how well-intentioned the appellate court, its decision to afford mental health diversion in Orange County, cannot control whether or not he will be incarcerated in three separate probation cases in three separate counties. (*Cabalar, supra,* 117 Cal.App.5th at p. 46.)

Cabalar is a convicted felon. His possession of a firearm and ammunition makes it difficult to imagine that he does not pose a risk of danger to public safety. And his participation in an uncharged conspiracy to commit grand theft of $175,000 worth of jewelry from a department store jewelry case in a "smash and

1

grab," hardly inspires a finding that he is not a risk to the public's safety. These two observations support the trial court's exercise of "residual discretion." (*Cabalar, supra,* 117 Cal.App.5th at pp. 53, et seq.)

<u>CERTIFIED FOR PUBLICATON.</u>

YEGAN, Acting P. J.

Von Deroian, Judge
Superior Court County of Santa Barbara

_____

Jennifer Peabody, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Julie A. Harris, Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.