145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally
chartered corporation, Plaintiff-Appellee,
v.
Yen HA, an individual; Thoi Ung Phan, an individual; Kim
Shelton, an individual; All persons unknown, claiming any
legal or equitable right, title, lien or interest in the
property described in this complaint adverse to the title
herein claimed by Fhlmc, or constituting a cloud upon
Fhlmc's claiming title, Defendants,
and
Kian Bee TAN, an individual, Defendant-Appellant.
 No. 96-55659.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: April 9, 1998.
June 1, 1998.
 
 Appeal from the United States District Court for the Central District of California.
 Before: SCHROEDER, PREGERSON, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 KENYON, J., Presiding.
 Kian Bee Tan appeals the district court's grant of summary judgment in favor of Federal Home Loan Mortgage Corporation ("FHLMC"). He argues that the district court lacked jurisdiction to determine FHLMC's rights to the disputed real property because the California courts were simultaneously exercising jurisdiction over that property under a previously-filed lawsuit to quiet title. We agree.
 Although the existence of a case in one forum does not generally defeat jurisdiction in another, there is a firmly-rooted exception to this rule: in cases concerning real property, whichever forum assumes control over the property first has exclusive jurisdiction to proceed. See 40235 Washington Street Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir.1992) (citing Colorado River Conservation Dist. v. United States, 424 U.S. 800, 819, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and Donovan v. City of Dallas, 377 U.S. 408, 411, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)).
 The present case concerns real property, and the California Superior Court assumed control over the property first. Thus, the district court had no jurisdiction to adjudicate FHLMC's rights to the property while the case was pending in state court. This is exactly what the district court tried to do. Accordingly, the district court's decision granting summary judgment in favor of FHLMC is reversed.
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3