[No. G027157. Fourth Dist., Div. Three. Jan. 4, 2002.]

KIM SHELTON, Plaintiff and Appellant, v.
RANCHO MORTGAGE & INVESTMENT CORPORATION et al.,
Defendants and Respondents.

1338

**COUNSEL**

Phillip K. Fife for Plaintiff and Appellant.

Garrett & Tully, Robert Garrett and Efren A. Compeán for Defendants and Respondents.

## OPINION

**O'LEARY, J.**—Kim Shelton appeals an order denying her postjudgment request for sanctions under Code of Civil Procedure section 128.5[1] against the respondents Rancho Mortgage & Investment Corporation (Rancho), the Federal Home Loan Mortgage Corporation (FHLMC), and their attorneys of record Garrett & Tully and Robert Garrett (Garrett). The respondents request that we dismiss the appeal, contending the order is not appealable. We conclude the order is appealable, but the trial court did not abuse its discretion in denying the request for sanctions. Accordingly, we deny the motion to dismiss the appeal and affirm the order.

I

Shelton loaned her mother, Yen Ha, $90,000 in exchange for a one-half interest in residential property. Before Shelton's deed was recorded, Ha borrowed $130,000 from Plaza Funding Corporation (PFC) secured by a first trust deed on the entire property. Subsequently, Ha forged Shelton's name to a deed reconveying Shelton's one-half interest to Ha. Ha then secured a $180,000 loan from Rancho secured by a new first on the property. Rancho assigned its rights to FHLMC.

When Shelton learned of her mother's treachery, she filed an action against Ha and Rancho for fraud, quiet title, and to partition the property by sale. Rancho wrote a letter to the trial judge denying the allegations but did not answer the complaint. A default was entered against Rancho, and in July 1993 a judgment was entered for Shelton, ordering that the property be sold and the first $110,000 in proceeds be given to her.

In February 1994, FHLMC tried to intervene and both it and Rancho sought to have Rancho's default set aside. The trial court denied the motions. It granted Shelton's motion for appointment of a referee to sell the property, which Rancho and FHLMC had opposed, but denied her request for $3,500 in sanctions against Rancho and FHLMC.

Rancho and FHLMC appealed. In 1997, in an unpublished opinion, we affirmed the trial court's orders, found the appeal was frivolous, and

---

[1]All further statutory references are to the Code of Civil Procedure.

awarded Shelton $20,000 in sanctions against Rancho and FHLMC. (*Shelton v. Rancho Mortgage & Investment Corp.* (June 16, 1997, G015937).)

In July 1994, FHLMC filed an action against Ha and Shelton in federal court and recorded a lis pendens on the property. (*Federal Home Loan Mortgage Corp. v. Ha* (C.D.Cal., No. CV94-4780KN (AJWx), the federal court action.) It claimed an equitable senior lien on the property.

In May 1995, a referee appointed by the superior court in this action sold the property to Ha's boyfriend, Kian Bee Tan, for $170,000. Tan was fully aware of the federal court action and the lis pendens. The referee delivered $146,771.63—the proceeds of the sale, less the referee's expenses and attorney fees, delinquent homeowners association dues, taxes, and other charges—to Shelton's counsel.

By March 1996, Shelton had defaulted in the federal court action and Tan had intervened in it. The federal district court entered a summary judgment for FHLMC ruling that it indeed had an equitable lien on the property, which it was entitled to foreclose upon. Tan appealed to the Ninth Circuit Court of Appeals.

Tan also filed a state court action against Shelton's attorney, Phillip K. Fife, the court-appointed referee, and the referee's attorney, alleging they induced him to buy the property by assuring him the FHLMC lien would be removed. (*Tan v. Fife* (Super. Ct. Orange County, No. 763424).) Shelton was not a party to that action.

Rancho, having received an assignment of FHLMC's equitable lien rights, commenced foreclosure proceedings, conducted a trustee's sale on August 8, 1997, and took title to the property. Tan filed another state court action seeking to set aside the trustee's sale. (*Tan v. Rancho Mortgage & Investment Corp.* (Super. Ct. Orange County, No. 784299).) The action was dismissed after Rancho's demurrer was sustained without leave to amend.

In January 1998, Rancho sold the property. In April, the Ninth Circuit reversed the summary judgment obtained by FHLMC against Tan, concluding the federal district court should have abstained because the matter involved real property and the state court had exerted jurisdiction first. (*Federal Home Loan Mortgage Corporation v. Ha* (9th Cir., June 1, 1998, No. 96-55659) 1998 WL 340118 [nonpub. opn.].) The case was remanded back to the district court. The district court dismissed the federal court action but left the default against Shelton undisturbed, and denied Tan's request for attorney fees.

Tan then sought sanctions of $180,000 from Rancho and FHLMC under section 128.5 in his state court action seeking to set aside Rancho's trustee's sale. He contended the federal court action had been frivolous and interfered with the original judgment obtained by Shelton. That motion was denied. The trial court found FHLMC's federal court action was not frivolous, given that the district court had in fact originally ruled in FHLMC's favor.

In April 1999, Rancho was placed in involuntary bankruptcy. Rancho's attorney, Garrett, who had been retained at the outset of the action by the original title insurance company, Commonwealth Land Title Insurance Company, to represent Rancho, learned Commonwealth had paid an unspecified sum to Rancho on the original title insurance policy. After Shelton moved to have the proceeds from the 1995 referee's sale of the property released, the bankruptcy trustee filed a complaint in bankruptcy court against Shelton, Tan, FHLMC and Commonwealth to avoid their allegedly "unperfected liens."

In September 1999, Shelton filed the motions that are the subject of this appeal, seeking over $90,000 in sanctions against Rancho, FHLMC, and their attorney, Garrett. She claimed they engaged in frivolous and delaying tactics designed solely to thwart the enforcement of her July 1993 judgment. She outlined four areas of conduct for which sanctions should be imposed: (1) Rancho's and FHLMC's activities in filing the postjudgment motions for relief from the 1993 judgment and opposing her motion for appointment of a referee to sell the property (postjudgment/preappeal activities); (2) the subsequent frivolous appeal of the trial court's denial of those orders; (3) FHLMC's filing of the federal court action asserting an equitable lien on the property and recording a lis pendens (although Shelton did not appear in this action—her default was taken—she contends the action was forum shopping and the resulting judgment obtained by FHLMC further delayed enforcement of her judgment, required constant monitoring, and led to the various Tan actions filed in state court); and (4) Rancho's involuntary bankruptcy.

The trial court denied the sanctions request. It declined to impose any additional sanctions related to Rancho and FHLMC's "post-judgment/pre-appeal activities." The trial court noted that when it originally denied Rancho and FHLMC's motions, it denied Shelton's request for sanctions, and it "[saw] no point in revisiting that issue now." The subsequent appeal of those orders was held to be frivolous and $20,000 in sanctions were already awarded, thus "this aspect of the problem has been resolved . . . ." The trial court stated it did not believe it could impose sanctions for activities that took place in another court in different litigation. Thus, it declined to award

sanctions based on actions taken by Rancho and FHLMC in the federal court action or in Rancho's involuntary bankruptcy. Furthermore, it found that, in any event, Garrett undertook his actions in "*subjective good faith.*" (Italics in original.)

## II

The respondents filed a motion to dismiss Shelton's appeal. They contend a postjudgment order denying a motion for sanctions is not appealable. We disagree.

Section 904.1 sets forth judgments and orders from which an appeal may be taken. It permits an immediate appeal of certain orders imposing monetary sanctions over $5,000 (§ 904.1, subd. (a)(11) & (12)) and provides for review of orders imposing sanctions of lesser amounts on appeal from the final judgment (§ 904.1, subd. (b)). The respondents argue that because the statute only mentions appeal of orders or judgments *awarding* sanctions, orders or judgments denying sanctions are not appealable.

Appellate courts have routinely reviewed orders denying sanctions (see, e.g., *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853 [64 Cal.Rptr.2d 324]; *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500 [29 Cal.Rptr.2d 903]; *Llamas v. Diaz* (1990) 218 Cal.App.3d 1043 [267 Cal.Rptr. 427]), but few cases have specifically addressed whether such orders are indeed appealable. Shelton argues the order in this case is appealable under section 904.1, subdivision (a)(2), which allows appeals from postjudgment orders. We agree.

The respondents counter that a postjudgment order denying sanctions is never appealable because it does not actually affect the underlying judgment. As the Supreme Court explained in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 [25 Cal.Rptr.2d 109, 863 P.2d 179], despite the broad language of section 904.1, subdivision (a)(2) (formerly subdivision (b)), "not every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements." (*Lakin, supra*, at p. 651, fn. omitted.) The first requirement, which is not at issue here, is "that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment." (*Ibid.*) The second is that " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' [Citation.]" (*Id.* at pp. 651-652.)

■ *Lubetzky v. Friedman* (1991) 228 Cal.App.3d 35 [278 Cal.Rptr. 706], relied upon by the respondents, offers support for their position.[2] There, the appellate court declined to consider the plaintiff's contention that the trial court erred in denying his postjudgment request for sanctions under section 128.5 "because we have serious doubt that the order is appealable." (*Lubetzky*, at p. 44.) The court stated the postjudgment order did not qualify as an appealable order made after final judgment because it did not " 'affect the judgment or relate to it either by enforcing it or staying its execution.' " (*Id.* at p. 45.)

But the Supreme Court cast doubt on the reasoning of *Lubetzky* in *Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th 644. *Lubetzky* conducted no analysis of how it reached its conclusion that a postjudgment order denying sanctions does not affect or relate to the judgment. (*Lakin*, at pp. 655-656.) *Lakin* held a postjudgment order denying attorney fees under section 2033 was an appealable postjudgment order, even though it neither technically added to nor subtracted from the judgment.

*Lakin* enunciated a standard for determining whether a postjudgment order affects the judgment or relates to its enforcement so as to make it appealable. The Supreme Court noted the postjudgment orders it previously held to be nonappealable, fall into two main categories: (1) "orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal"; and (2) "orders [that] pertain[] to the preparation of a record for use in a future appeal." (*Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th at pp. 652-653.) On the other hand, postjudgment orders "making a final determination of rights or obligations of parties" are appealable even though they do not necessarily add to or subtract from the judgment. (*Id.* at p. 653.)

Accordingly, *Lakin* held a postjudgment order denying attorney fees under section 2033 was appealable as a postjudgment order that affects the judgment or relates to its enforcement because it finally "determines the rights and liabilities of the parties arising from the judgment, is not preliminary to later proceedings, and will not become subject to appeal after some future judgment." (*Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th at p. 656.)

---

[2]This court's opinion in *Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053 [11 Cal.Rptr.2d 845], holding an order denying sanctions was not appealable (*id.* at p. 1055), is inapposite. There, the defendants brought a successful motion to set aside a default judgment, but their subsequent request for sanctions was denied. We declined to consider the appeal commenting that orders denying sanctions are generally not appealable. (*Ibid.*) But *Wells* did not consider whether the order was appealable as a postjudgment order—nor would it have, because there was no final judgment.

*Lakin* did not overrule *Lubetsky*. Rather, it found *Lubetsky*'s "reasoning unpersuasive in resolving the problem at hand" because of *Lubetsky*'s dissimilar procedural stance, "the court's equivocation as to the order's appealability, and the special appeal rules for sanction orders [citation] . . . ." (*Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th at p. 656.)[3] Nonetheless, the reasoning in *Lakin* is applicable, and we believe it trumps the equivocal holding in *Lubetsky*. The postjudgment order denying Shelton's request for sanctions under section 128.5 is a final determination of the rights and liabilities of the parties arising from the judgment. It is not preliminary to some later proceeding, and there is no future judgment from which the order might be appealed. Hence, it is an appealable postjudgment order (§ 904.1, subd. (a)(2)), and we deny the respondents' motion to dismiss the appeal.

## III

Shelton contends the trial court erred in denying her request for sanctions under section 128.5. We disagree.

Section 128.5, subdivision (a) provides, the "trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." A bad faith action is "frivolous" if it is "totally and completely without merit" or taken "for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2).)

On appeal, we presume the trial court's order denying a request for sanctions pursuant to section 128.5 is correct, and the standard of review is abuse of discretion. " ' "Where the issue on appeal is whether the trial court has abused its discretion, the showing necessary to reverse the trial court is insufficient if it presents facts which merely afford an opportunity for a different opinion: *An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.* To be entitled

---

[3]The "special rules" to which *Lakin* referred were those contained in section 904.1 former subdivision (k), the predecessor to the current section 904.1, subdivisions (a)(11), (12) and (b), which provided for appeal from "a superior court judgment directing payment of monetary sanctions . . . only if the amount exceeds [$750]. Lesser sanction judgments . . . may be reviewed on an appeal by [the sanctioned party] after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (Stats. 1989, ch. 1416, § 25, p. 6235.)

to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice; . . .' [Citations.]" ' [Citation.]" (*Kurinij v. Hanna & Morton, supra,* 55 Cal.App.4th at p. 867, original italics; see also *Dolan v. Buena Engineers, Inc., supra,* 24 Cal.App.4th at p. 1504.)

■ This court has repeatedly stated that to impose sanctions under section 128.5, there must be a showing the action or tactic was meritless or frivolous *and* that it was pursued in bad faith, and whether the action is taken in bad faith must be judged by a subjective standard. (See *Campbell v. Cal-Gard Surety Services, Inc.* (1998) 62 Cal.App.4th 563, 573 [73 Cal.Rptr.2d 64]; *Llamas v. Diaz, supra,* 218 Cal.App.3d at p. 1047; see also *Dolan v. Buena Engineers, Inc., supra,* 24 Cal.App.4th at p. 1504; see also *Monex International, Ltd. v. Peinado* (1990) 224 Cal.App.3d 1619, 1624-1625 [274 Cal.Rptr. 667].) While the trial court may infer subjective bad faith from the pursuit of a frivolous tactic (*Campbell v. Cal-Gard Surety Services, Inc., supra,* 62 Cal.App.4th at p. 574), "it is within a court's discretion not to draw that inference if convinced the party was acting in the good faith belief the action was meritorious." (*Dolan v. Buena Engineers, Inc., supra,* 24 Cal.App.4th at p. 1505.)

■ With these principles in mind, we consider Shelton's request. Her motion detailed four areas of conduct by the respondents for which she urged sanctions be imposed. The first and second were the 1994 postjudgment motions for relief from the 1993 judgment and Rancho and FHLMC's opposition to her motion for appointment of a referee to sell the property, and Rancho and FHLMC's appeal of the trial court's denial of those orders. When the motions were originally considered, the trial court denied Shelton's request for sanctions. This court concluded Rancho and FHLMC's appeal was frivolous and we awarded $20,000 in sanctions. At the time, Shelton did not challenge the trial court's denial of her request for sanctions.

Shelton now contends she was entitled to sanctions for actions related to the 1994 motions. The trial court refused to "revisit" the issue. Shelton argues our 1997 opinion is "law of the case," and based on it, the trial court was required to impose sanctions for Rancho and FHLMC's postjudgment/pre-appeal activities. We disagree.

■ Under the law of the case doctrine, "a matter adjudicated on a prior appeal normally will not be relitigated on a subsequent appeal in the same

case. [Citations.]" (*Davies v. Krasna* (1975) 14 Cal.3d 502, 507 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807], fn. omitted.) "The doctrine is generally applied upon retrial of a case following reversal of the judgment on appeal, and 'deals with the effect of the *first appellate decision* on the subsequent *retrial or appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.' [Citation.]" (*Wilder v. Whittaker Corp.* (1985) 169 Cal.App.3d 969, 972 [215 Cal.Rptr. 536].)

 The law of the case doctrine is inapplicable here. Our 1997 opinion imposed sanctions for a frivolous *appeal*. We were not asked to, nor did we consider whether sanctions should have been imposed by the trial court. To the extent Shelton's current motion sought sanctions for the earlier appeal, we have already imposed them. To the extent Shelton sought sanctions for the original 1994 motions, we cannot say the trial court abused its discretion in declining to reconsider that issue when it had already denied sanctions and Shelton did not challenge that earlier ruling.

Shelton also sought as sanctions attorney fees incurred in monitoring the federal court action and responding as a creditor to Rancho's involuntary bankruptcy. The trial court was unwilling to impose sanctions for activities that took place in another court in different litigation. And, in any event, it found the actions were taken in "subjective good faith."

Again, we cannot say the trial court abused its discretion. We note, as at least one other court did in denying sanctions against FHLMC for having pursued the federal court action, that the federal district court initially ruled in its favor and held it was entitled to an equitable lien. That ruling was reversed on appeal, but there was no award of sanctions by the federal district court. As to Rancho's bankruptcy, there is little about it in this record other than that it was an *involuntary* proceeding, and there had been no finding by the bankruptcy court it was filed in bad faith. But even were we to agree with Shelton that these federal court actions were frivolous and that the trial court could impose sanctions for them, the trial court found they were taken in good faith. Shelton "points to no evidence which *conclusively* demonstrates [the] respondents pursued their action[s] . . . in bad faith." (*Dolan v. Buena Engineers, Inc., supra,* 24 Cal.App.4th at p. 1505, italics added.) Accordingly, we must affirm the trial court.

## DISPOSITION

The order denying sanctions is affirmed. Respondents' motion to dismiss the appeal is denied. In the interests of justice, the parties shall bear their own costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.