Filed 12/28/22  Conservatorship of Z.I. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| Conservatorship of the Estate of Z.I. | C094890 |
| S.J. et al., | (Super. Ct. No. PR-2019-89) |
| Petitioners and Respondents, | |
| v. | |
| N.I., | |
| Objector and Appellant. | |

Appellant and objector N.I. appeals pro se from the trial court's orders (1) denying her motion for imposition of sanctions on her sister S.J. and brother A.I. under Code of Civil Procedure section 128.5;[1] and (2) granting S.J.'s motion to compel an accounting of income and expenses regarding N.I.'s care of their elderly father, Z.I.[2]

---

[1]   All undesignated statutory references are to the Code of Civil Procedure.

[2]   We refer to the parties by their initials pursuant to California Rules of Court, rule 8.90(b)(2), (10), (11).

1

N.I. contends that: (1) the same judge who issued the January 28, 2020 order denying S.J.'s petition to revoke N.I.'s power of attorney and health care directive over Z.I. should have heard the motion for sanctions; (2) the trial court abused its discretion in denying the motion; and (3) the court also abused its discretion in ordering N.I. to provide an accounting.[3]

We disagree and will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a series of orders issued in long-standing litigation between siblings over control of their father's finances and health care.

On January 28, 2020, the Honorable Samuel T. McAdam issued an order after an evidentiary hearing denying S.J.'s petition to revoke N.I.'s power of attorney and health care directive over Z.I.

S.J. claimed that N.I.'s power of attorney should be revoked and N.I. ordered to provide an accounting on the grounds that: (1) N.I. emptied Z.I.'s bank account containing Z.I.'s life savings and had not accounted for the money; (2) N.I. misappropriated the money from the bank account for her own personal gain; and (3) N.I. wrongfully transferred Z.I.'s residence in Davis to herself. Judge McAdam found that N.I. and her husband had cared for Z.I. and his wife (who died on Nov. 18, 2018) for many years and Z.I. had made an informed personal decision to trust N.I. with his money and the Davis house. Judge McAdam further found that Z.I.'s health care concerns were insufficient to revoke N.I.'s health care directive over Z.I.

However, Judge McAdam noted that S.J. produced a detailed spreadsheet of transactions taken from bank statements allegedly showing that N.I. used money from

---

[3]     Respondents did not file a brief. Where a respondent fails to file a brief on appeal, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).)

2

Z.I.'s checking and savings account for her own personal gain. In response to this evidence, N.I. testified regarding the expenses involved in caring for Z.I., but failed to account in detail for these transactions and withdrawals. The court further noted that some car payments made from Z.I.'s account clearly appeared to be for N.I.'s personal benefit. Judge McAdam ordered that going forward, N.I. should prepare a budget for Z.I. and an accounting of his expenses and refrain from using his bank accounts for her personal expenses.

Judge McAdam also found there were some "real concerns" about Z.I.'s health care. S.J. presented evidence that Z.I.'s hearing loss was progressing, and the hearing loss accelerated his dementia symptoms. There also was testimony that Z.I. had poor dental hygiene and serious complications with his teeth and mouth. N.I. failed to produce updated evidence on these issues. Noting that a conservatorship petition was pending, Judge McAdam engaged an investigator and assigned an attorney to represent Z.I.

Judge McAdam pointedly criticized S.J.'s conduct, including her "self-help plan" to cut-off N.I.'s control. In October 2019, S.J. took Z.I. to the bank and pension office and executed a plan to empty his accounts and freeze his retirement payments. Judge McAdam found that this conduct "shocks the conscience." Judge McAdam also found that S.J.'s credibility was compromised at the hearing when she continued to advocate for the authenticity of a document limiting N.I.'s control over the Davis residence, purportedly signed by N.I., but shown to be a forgery by expert testimony.

Judge McAdam concluded by issuing multiple orders to N.I. to: (1) unfreeze Z.I.'s bank accounts using N.I.'s power of attorney and the court's order; (2) prepare a monthly budget for Z.I.; (3) prepare an accounting of all income and expenses going forward once Z.I.'s accounts were unfrozen; (4) work with the bank to title all of Z.I.'s bank accounts in his name only, subject to N.I.'s power of attorney; (5) avoid commingling funds and using Z.I.'s accounts for her personal use; and (6) file a written

3

budget and up-to-date accounting and declaration of compliance with the court's order by February 24, 2020.

In a filing on February 14, 2020, in response to the court's order, N.I. stated that she had reinstated Z.I.'s pension fund payments and changed Z.I.'s bank account to his name. N.I. set forth a monthly budget for Z.I.'s caregiving, medical, and other expenses, but did not provide an accounting. Rather, N.I. explained that Z.I.'s income was less than his expenses and N.I. and her husband had made up the difference, as well as incurring additional expenses.

The record also contains a series of minute orders leading up to N.I.'s motion for sanctions.

On February 28, 2020, based on the investigator's report and Judge McAdam's order, the Honorable Stephen L. Mock denied S.J.'s petition for conservatorship of Z.I.

On May 29, 2020, Judge McAdam denied S.J.'s motion to set aside and vacate the order.

On the same day, the Honorable Daniel M. Wolk denied S.J.'s petition for appointment of a fiduciary advisor.

On August 13, 2020, Judge Wolk ordered attorney Henry Roth to return $1,793.99 in funds to N.I. pursuant to her power of attorney for Z.I.

On May 25, 2021, N.I. filed a motion for reimbursement of attorney fees and court costs under section 128.5. In support of the motion, N.I. submitted a declaration with exhibits stating that: (1) in April 2019, S.J. filed a petition for conservatorship of Z.I., even though the same petition had been denied four times before; (2) in October 2019, S.J. filed an amendment to the petition, excluding A.I.'s name because of a domestic violence restraining order against him; (3) on January 28, 2020, Judge McAdam denied all relief sought by S.J.; (4) Judge Mock denied S.J.'s petition for conservatorship; (5) Judge Wolk denied S.J.'s petition for appointment of a fiduciary advisor; (6) Judge McAdam denied S.J.'s motion to vacate and set aside the January 28, 2020 order; and

4

(7) Judge Wolk ordered S.J.'s attorney to return funds from N.I.'s account (i.e., the order to Henry Roth to return $1,793.99).  N.I. also submitted documentation of the attorney fees and court costs incurred.

On July 21, 2021, in support of a petition to compel an accounting and to allow inspection of records, S.J. requested that the trial court take judicial notice of (1) Judge McAdam's January 28, 2020 order; and (2) N.I.'s filing on February 14, 2020.[4]

On September 1, 2021, Judge Wolk denied N.I.'s motion for sanctions.

On September 21, 2021, Judge Wolk granted the motion for an accounting, ordering N.I. to provide an accounting consistent with Judge McAdam's January 28, 2020 order.  Judge Wolk denied the petition to inspect records.

N.I. filed a timely appeal of the September 1 and 21, 2021 orders.[5]

## DISCUSSION

### I

*Whether Judge McAdam Should Have Ruled on the Sanctions Motion*

N.I. contends it was error for Judge Wolk to rule on a sanctions motion under section 128.5.  That statute provides in relevant part:  "A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or

---

[4]     All other papers relating to the petition, including the petition itself, any opposition, and any declarations or exhibits submitted by the parties, as well as a transcript of any oral proceedings, are not in the record.

[5]     An order denying sanctions under section 128.5 is appealable under section 904.1, subdivision (a)(2), allowing appeals from postjudgment orders.  (*Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1343-1344 (*Shelton*).)  An order granting a petition to compel an accounting is appealable under section 904.1, subdivision (a)(1), for orders made appealable under the Probate Code, and Probate Code section 1300, subdivision (c), allowing appeal of an order "directing a fiduciary," in this case to N.I. to prepare an accounting.  (See *Gomez v. Smith* (2020) 54 Cal.App.5th 1016, 1035 ["[a]n attorney-in-fact under a power of attorney is a fiduciary"]; Prob. Code, § 39.)

solely intended to cause unnecessary delay." (§ 128.5, subd. (a).) Thus, section 128.5 requires a showing of subjective bad faith. (See *In re Marriage of Sahafzadeh-Taeb & Taeb* (2019) 39 Cal.App.5th 124, 128, 135; *Shelton, supra*, 94 Cal.App.4th at p. 1346.)

N.I. asserts that "California courts have repeatedly held that determinations of subjective bad faith are to be made by the trial judge." N.I. cites *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 401 ["No doubt there are cases where the judge in whose court the sanctionable conduct occurred is *the only appropriate judicial officer* to award sanctions. [T]his would be so only when it is necessary for the judge awarding sanctions to make a subjective finding of bad faith to justify the sanctions order," italics added], and *Orange County Dept. of Child Support Services v. Superior Court* (2005) 129 Cal.App.4th 798, 805-806 [vacating sanctions order where sanctioning judge "improperly drew conclusions about [sanctioned attorney's] state of mind . . . without having been present at the contempt proceedings [which led to the sanctions]"; the commissioner who heard the contempt proceeding "was in a much better position . . . to decide whether [the attorneys] conduct was sanctionable" having heard the evidence and observed the attorneys].

These cases are inapplicable. The sanctions requested were not tied to any single ruling but rather pertained to fees and expenses N.I. incurred in multiple proceedings heard by three different judges, including Judge Wolk who denied the sanctions motion. We therefore reject this contention.

II

*Sanctions Under Section 128.5*

N.I. also contends that Judge Wolk abused his discretion in denying her motion for sanctions because she "easily" met section 128.5 standards for bad faith actions or frivolous tactics.

" 'A bad faith action or tactic is considered "frivolous" if it is "totally and completely without merit" or instituted "for the sole purpose of harassing an opposing

6

party." [Citation.] Whether an action is frivolous is governed by an objective standard: any reasonable attorney would agree it is totally and completely without merit. [Citations.] There must also be a showing of an improper purpose, i.e., subjective bad faith on the part of the attorney or party to be sanctioned.' " (*In re Marriage of Sahafzadeh-Taeb & Taeb, supra*, 39 Cal.App.5th at p. 135.)

"To be entitled to sanctions the moving party must show the action or tactic was in bad faith *and* frivolous or brought solely to cause unnecessary delay." (*Harris v. Rudin, Richman & Appel* (2002) 95 Cal.App.4th 1332, 1343; *Shelton, supra*, 94 Cal.App.4th at p. 1346; *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1506 (*Dolan*).)

"On appeal, we presume the trial court's order denying a request for sanctions pursuant to section 128.5 is correct, and the standard of review is abuse of discretion." (*Shelton, supra*, 94 Cal.App.4th at p. 1345.) " 'Where the issue on appeal is whether the trial court has abused its discretion, the showing necessary to reverse the trial court is insufficient if it presents facts which merely afford an opportunity for a different opinion: "*An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.* To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice . . . ." [Citation.]' [Citation.]" (*Dolan, supra*, 24 Cal.App.4th at p. 1504.)

In addition, the trial court summarily denied the request for sanctions without comment and N.I. has not provided a reporter's transcript of the proceedings. Accordingly, we must presume that Judge Wolk found S.J.'s actions not totally without merit, or not prosecuted in bad faith or for an improper motive, or a combination of these factors. (*Dolan, supra*, 24 Cal.App.4th at p. 1504; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["All intendments and presumptions are indulged to support [the order] on matters as to which the record is silent, and error must be affirmatively shown"].)

7

Moreover, N.I. principally relies on the findings in Judge McAdam's January 28, 2020 order, including his criticism of S.J.'s conduct, while ignoring his findings questioning N.I.'s conduct. For example, when asked, "[W]hat happened to the money," after S.J. provided evidence that N.I. had transferred funds from Z.I.'s account to N.I.'s account, N.I. testified she transferred the money to keep A.I. from stealing it and that she herself used the money to pay for her mother's funeral expenses and a trip to Pakistan to memorialize her mother. But, as Judge McAdam observed, N.I. "did not provide any accounting of this money." When S.J. produced a spreadsheet of transactions from bank statements alleging N.I. used the account for personal gain, N.I. "denied this claim but failed to account in any detail for the identified withdrawals and transactions." The bank statements showed that N.I. was using the bank accounts for her personal benefit, including making payments to a car dealer.

To remedy these problems, Judge McAdam ordered N.I. to prepare a written budget of Z.I.'s expenses and provide an up-to-date accounting in compliance with the court's order by February 24, 2020. The court also ordered N.I. to have title to the bank accounts transferred back to Z.I., subject to her power of attorney.

As mentioned, Judge McAdam expressed "real concerns . . . about the care of [Z.I.]" S.J. produced evidence that Z.I.'s hearing loss was progressing and contributing to his dementia. N.I.'s response was that Z.I. regularly took his hearing aid out, but she could not clearly testify when he obtained his most recent hearing aid or was seen by an audiologist. Similarly, N.I. failed to produce evidence of Z.I.'s dental care in response to evidence that he had poor dental hygiene that resulted in serious complications for his teeth and mouth.

We conclude that these findings indicate that S.J.'s petition to revoke the power of attorney and health care directive N.I. held was not totally and completely without merit. While N.I. emphasizes the portions of the January 28, 2020 order describing S.J.'s misconduct and compromised credibility, a review of the entire order indicates that Judge

8

McAdam was prompted by S.J.'s petition to address genuine problems with N.I.'s personal use of Z.I.'s funds and the health care provided to Z.I.  The evidence N.I. provided of other instances where S.J. was denied relief by the trial court consists of minute orders issued with little or no comment.  Accordingly, we conclude the court did not abuse its discretion in denying N.I.'s motion for sanctions.

III

*Accounting*

Finally, N.I. contends that the trial court erred in granting S.J.'s petition for an accounting and ordering N.I. to provide an accounting consistent with the January 28, 2020 order.  N.I. contends she "completely complied" with the order to "provide a monthly budget and documented that [Z.I.'s] expenses exceeded his income."

An order to grant or deny a petition for an accounting is reviewed for abuse of discretion.  (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 376.)

In the January 28, 2020 order, Judge McAdam directed N.I. to "prepare an accounting of all income and expenses going forward once [Z.I.'s] accounts are unfrozen. (See Probate Code sec. 4236(b)(5).)"  Probate Code section 4236, subdivision (a) provides that an "attorney-in-fact shall keep records of all transactions entered into by the attorney-in-fact on behalf of the principal."  Judge McAdam found that N.I. became Z.I.'s attorney-in-fact on September 6, 2018.  Probate Code section 4236 further provides "[t]he attorney-in-fact does not have a duty to make an account of transactions entered into on behalf of the principal, except in the following circumstances," one of which is "[p]ursuant to court order."  (Prob. Code, § 4236, subd. (b) & (b)(5).)  Thus, N.I. was ordered by Judge McAdam to provide an accounting of all transactions N.I. entered into on Z.I.'s behalf.

The portion of the record that N.I. apparently maintains demonstrated compliance with the January 28, 2020 order consists of two pages of N.I.'s filing on February 14, 2020, attached to S.J.'s request for judicial notice in support of her petition to compel an

9

accounting and allow inspection of records.  This document does not set forth an accounting of all transactions N.I. entered into on Z.I.'s behalf.  Rather, in two paragraphs, N.I. declared that Z.I.'s expenses exceed his income and provided a summary calculation of his total expenditure and income for an 18-month period.  In fact, in the January 28, 2020 order, Judge McAdam was skeptical of this claim, observing "[t]here is no apparent reason that [Z.I.'s reasonable monthly expenses] should exceed his income."  Therefore, it was especially incumbent on N.I. to provide an accounting of *all transactions* entered into on Z.I.'s behalf, not a summary.

The trial court did not abuse its discretion in ordering N.I. to provide an accounting consistent with the January 28, 2020 order.

DISPOSITION

The orders appealed from are affirmed.[6]


                                                    _____KRAUSE_____, J.


We concur:



_____MAURO_____, Acting P. J.



_____RENNER_____, J.

---

**6**    We deny N.I.'s request for judicial notice of:  (1) the online docket of the superior court case; and (2) Judge Wolk's judicial profile on the superior court's Web site.  The requests are made in footnotes in N.I.'s opening brief, in violation of California Rules of Court, rule 8.252, which requires a party seeking judicial notice on appeal to serve and file a separate motion with a proposed order.

10