Filed 12/22/25  Ellis-Sanders v. Guardia Piazza D'Oro CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| OUDREE ELLIS-SANDERS, | D084362 |
| Defendant and Appellant, | |
| v. | (Super. Ct. No. 37-2023-00015923-CU-UD-CTL) |
| GUARDIA PIAZZA D'ORO LLC , | |
| Plaintiff and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Matthew C. Braner, Judge.  Judgment affirmed and motion for sanctions denied.

Oudree Ellis-Sanders, in pro. per., for Defendant and Appellant.

Todd A. Brisco & Associates, Todd A. Brisco, Allison K. Higley and Veronica R. Guzman, for Plaintiff and Respondent.

In this unlawful detainer action, Oudree Ellis-Sanders (Tenant) appeals from a judgment in favor of landlord Guardia Piazza D'Oro LLC (Landlord).  Further, Tenant has filed a request to impose sanctions on Landlord's attorneys for conduct occurring during litigation in the trial court.

We conclude that Tenant has failed to carry her burden on appeal to establish prejudicial error. We further conclude that Tenant has improperly addressed her sanctions motion to this court in the first instance. Accordingly, we affirm the judgment, and we deny the motion for sanctions.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Tenant, who is representing herself in this action, has provided an incomplete appellate record, and she has included only very limited citations to the record in her appellate briefing. Despite those deficiencies, we have attempted to infer the relevant factual and procedural background from the incomplete record before us.

The trial court, in its ruling against Tenant, stated the following basic background facts: "This is an unlawful detainer case. [Tenant] stopped paying rent for the months of June 2022 through February of 2023. She was served with a three-day notice on February 19, 2023." The rental unit at issue is an apartment in the city of Oceanside. According to the register of actions, an unlawful detainer complaint was filed by Landlord against Tenant and her codefendant, Stormi Sanders, on April 17, 2023. The complaint is not included in the appellate record.

Default was entered against Tenant on May 31, 2023, and default judgment was entered on July 7, 2023. Shortly thereafter, in mid-July 2023, Tenant filed an ex parte application to contest the default. Subsequently, a noticed motion to vacate the default and default judgment was set for hearing on September 1, 2023, with Tenant filing corresponding pleadings in support.

In her supporting declarations, Tenant stated that, contrary to the process server's claim to have personally served Tenant with the summons and complaint on May 5, 2023, she was never personally served, was not at

2

home during the relevant timeframe, and did not match the physical description of the person served. Tenant concluded that the process server had intentionally fabricated the claim of personal service, and that the process server and Landlord's attorneys had engaged in an act of "deception, dishonesty, perjury and criminal behavior." Tenant explained she had taken steps to notify certain authorities about that alleged misconduct, namely, the Oceanside police department, the district attorney, and the California State Bar.

On September 1, 2023, the trial court continued the motion hearing to September 15, 2023, so that Tenant could submit a proposed answer along with her application for relief from default, as required by Code of Civil Procedure section 473.5, subdivision (b).

On September 15, 2023, the trial court, after hearing testimony from Tenant that she was not served with process and did not meet the physical description of the person served, and from the process server that he served a woman who stated she was Tenant, the trial court granted relief from default to Tenant, with instructions that Tenant was to file an answer by October 6, 2023. The trial court emphasized that it was not making any finding about falsification of the proof of service. "I want to make clear that the Court isn't deciding beyond a reasonable doubt that [Tenant] wasn't served. That's a criminal standard of proof. The Court really doesn't know. The issue is whether [Tenant] has made a preliminary case, and the Court finds that she has[,] based solely on what the process server has in his proof of service. I am absolutely not making any finding about falsification or anything else. I'm simply deciding the [Code of Civil Procedure section] 473.5 motion." The trial court's minute order also ruled on Tenant's motion to quash service of process. It explained, "At this point, [Tenant] has had adequate notice and

has, in any case, made a litany of arguments on the merits of the case that are effectively a waiver of her arguments concerning the lack of personal jurisdiction."

Tenant filed an answer on October 4, 2023. Thereafter, she filed an amended answer on October 9, 2023, and a further amended answer on November 6, 2023.

According to the trial court's judgment, a trial on the merits of the unlawful detainer complaint, "occurred over the course of three days, concluding on March 22, 2024." The appellate record contains a reporter's transcript from only the third trial day, March 22, 2024. On that day, the court heard argument, but no testimony was presented. The second trial day was apparently March 15, 2024, but those proceedings were not transcribed by a court reporter, and Tenant has not provided a settled statement regarding those proceedings.[1] The first trial day was apparently March 1, 2024, but we have no record of what occurred on that day either. Further, the appellate record contains no trial briefs and only a single evidentiary item. Specifically, the appellate record contains Tenant's declaration filed on March 21, 2024. However, the declaration indicates that there were 17 evidentiary documents submitted along with it. Those documents are not in the appellate record.

At the conclusion of trial, the court awarded possession to Landlord along with an award of $1,500 in attorney fees. Without an adequate appellate record, we are not able to fully describe the dispute presented to the trial court for resolution during trial. However, the trial court issued a five-page ruling that discusses some of the issues.

---

[1] We infer, based on statements made by the trial court on March 22, 2024, that witness testimony was presented on March 15, 2024.

As the trial court's ruling explained, Tenant "raised several defenses" to the unlawful detainer claim. First, "she claim[ed] she was never served." The trial court rejected that defense because Tenant appeared in the action by filing an answer. As the trial court stated, it did make a finding "earlier in the lawsuit [that Tenant] was indeed not properly served[.] [B]ut after making that finding[,] [it] ordered [Tenant] to file an Answer[.] [S]he eventually did, thus making an appearance."

As to the other defenses, the trial court described them as "[r]etaliation; [d]iscrimination based on race, health status, and disability; violation of the Tenant Protection Act;" "habitability violations including rat infestation, leaking roof, holes in the floor, and dangerous stairs/railings;" and "income discrimination." The trial court indicated, in general, that many of the defenses "fail[ed] for lack of evidence." It then proceeded to discuss the "income discrimination" issue in more detail.[2] Based on the trial court's discussion, that issue apparently centered on Landlord's rejection of funds from a government housing authority that Tenant had secured to pay her rent starting in January 2023. Landlord apparently declined to accept those funds because Tenant had not obtained money to pay Landlord the rent that she owed for months in 2022. After discussing the controlling legal principles and certain evidence presented at trial, the trial court concluded, "[A]t the close of evidence, [Tenant] is in arrears. She failed to pay all the rent she

_____

[2] On the issue of habitability, the trial court's ruling stated that "[Landlord] has admitted to some of these habitability concerns." Although the trial court's written ruling did not further explain the relevance of that fact, the trial court tentatively addressed the issue during the March 22, 2024 hearing. "I do think there are some habitability issues. I agree with [Landlord] that those don't affect whether or not possession should be granted. They do have an effect on the amount of rent owed."

owed within the three-day notice period. Accordingly, possession is awarded to [Landlord]." The trial court then explained that it was, however, rejecting Landlord's request for an award of "back rent and holdover rent."

## II.

## DISCUSSION

A.    *Tenant's Challenge to the Judgment Based on Improper Service of Process*

We first consider Tenant's contention that "because [Tenant] was not properly served, the judgment must be set aside." Based on her assertion that "[Landlord's] process server fraudulently filed a proof of service," Tenant argues that "the trial court lacked jurisdiction," rendering the judgment void.

We reject the argument because Tenant filed an answer in this action and proceeded to fully participate in the litigation. "It has long been the rule in California that a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action. [Citation] An answer, of course, is such an appearance, as is expressly made clear by [Code of Civil Procedure] section 1014: 'A defendant appears in an action when the defendant answers, demurs, [or] files a notice of motion to strike . . . .' " (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341.) "A general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50, subd. (a).) " 'A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service.' . . . A general appearance can make up for a complete failure to serve a summons." (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145.)

Accordingly, because Tenant filed an answer in this action and then proceeded to take part in subsequent proceedings, including a trial on the

6

merits, she consented to the court's jurisdiction over her in this matter regardless of her contention that she was not served with the summons and complaint.

B. *Tenant's Contention That She Should Have Prevailed on Her Defenses That Landlord Discriminated Against Her Based on Her Source of Income and Provided an Uninhabitable Rental Unit*

Tenant next contends that the trial court erred by rejecting her arguments that (1) Landlord unlawfully discriminated against her based on the source of income she relied upon to pay her rent; and (2) she was excused from nonpayment of rent because the unit was not habitable.

Tenant does not provide citations to any evidence in the appellate record to support her arguments.[3] Further, as we have explained, the appellate record lacks almost all of the evidence presented at trial and is missing two full days of the trial proceedings.

"The most fundamental rule of appellate review is that a judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record." (*Id.* at p. 287.) Further, " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609), and when " ' "the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*) "Appellants fail to carry the burden of

_____

[3]    When discussing the issue of Landlord's alleged discrimination and the lack of habitability, Tenant's opening brief provides only four record citations, all of which are solely to the trial court's ruling, and not to any evidence.

affirmatively demonstrating error if they, among other things, do not provide an adequate record on appeal or do not comply with certain briefing requirements in California Rules of Court, rule 8.204" (*Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 546), including the provision of citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C).

Here, because the appellate record lacks almost all of the evidence presented during trial, and because Tenant has not provided citations to any evidence that *does* appear in the appellate record to support her arguments, we conclude that Tenant has not met her burden to establish that the trial court erred in rejecting her defenses premised on (1) unlawful discrimination based on source of income; or (2) lack of habitability of the rental unit.

C.    *Arguments Raised for the First Time in the Reply Brief*

For the first time in her reply brief, Tenant raises numerous arguments that she did not present in her opening appellate brief. These include contentions that (1) she was denied a jury trial; (2) the trial court inadequately resolved the status of her codefendant; (3) the trial court exhibited judicial bias; and (4) Landlord's post-eviction conduct was unlawful.[4]  In her reply brief Tenant also contends that this court erred or exhibited bias against her in ruling on a petition for writ of supersedeas and other motions that she filed in this court while her appeal was pending.[5]

---

[4]    We note that on June 17, 2025, after Landlord filed its respondent's brief, Tenant filed a motion to amend her opening brief or to file a supplemental brief. Landlord opposed the motion, and we denied it on July 9, 2025.

[5]    Specifically, Tenant asserts error or bias based on (1) our decision on her petition for writ of supersedeas and our subsequent denial of her motion to amend our ruling on that petition; and (2) our denial of her motion to amend her opening appellate brief.

We do not consider the challenges to the trial court's judgment that are raised for the first time in Tenant's reply brief. "Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief." (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218.) "An appellant may not put off to its reply brief the presentation of a legal argument supporting a claim of error asserted in its opening brief, for to do so would unfairly deprive the respondent of the ability to rebut the argument." (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070.)

Further, this court has already ruled on the petition and appellate motions that Tenant discusses in her reply brief. Tenant's reply brief is not the proper vehicle to dispute those rulings, and we will not revisit them here.

D.    *Motion for Sanctions*

On April 2, 2025, Tenant filed a motion for sanctions against Landlord's attorneys. We issued an order indicating that the motion would be considered with this appeal, and Landlord's attorneys have filed an opposition.

Tenant seeks sanctions based solely on the conduct of Landlord's attorneys during litigation in the trial court. Specifically, Tenant states she is seeking sanctions based on "egregious ethical and criminal misconduct in the trial court." Focusing on her allegation that Landlord's attorneys "knowingly submitted falsified proofs of service and other court filings containing material misrepresentations," Tenant argues that the attorneys should be sanctioned for engaging in "falsification of court documents, perjury, improper service, obstruction of justice, and ethical violations."

If Tenant believed that sanctions were warranted based on conduct by Landlord's attorneys during litigation in the trial court on the grounds she describes, she was required to file a motion with the trial court pursuant to

9

Code of Civil Procedure sections 128.5 or 128.7.  An appellate court may impose sanctions in the first instance, but only based on matters occurring during the appeal.  (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276).  For sanctionable conduct that occurs in the trial court, our role as an appellate court is limited to reviewing the trial court's ruling on a sanctions motion for abuse of discretion.  (*XPO Logistics Freight, Inc. v. Hayward Property, LLC* (2022) 79 Cal.App.5th 1166, 1181; *Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1345.)

Because Tenant improperly applies to this court in the first instance to sanction conduct occurring during litigation in the trial court, we deny Tenant's motion for sanctions.

DISPOSITION

The judgment is affirmed, and the motion for sanctions is denied. Guardia Piazza D'Oro LLC shall recover its costs on appeal.

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

CASTILLO, J.

10